FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 DEC -4 PM 2: 45

CLERK'S OFFICE
AT GREENBELT

BY ___Jw___ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **TRAVIS DENNY** | * | |
| Petitioner, | * | |
| v. | * | **Case No.: GJH-19-891** |
| **CURRENT WARDEN** | * | |
| | * | |
| Respondent. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Petitioner Travis Denny, who is incarcerated at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), filed this *pro se* Petition for a writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging ineffective assistance of counsel during his sentencing. ECF No. 1. Respondent Michael V. Sample, Acting Warden at FCI-Cumberland, filed a Motion to Dismiss the Petition arguing that Denny's claim is properly construed under 28 U.S.C. § 2255 and not § 2241 because it challenges the validity of the federal judgment imposed against him, not the execution of his sentence. ECF No. 5. Denny has replied. ECF No. 7. No hearing is necessary. *See* Loc. R. 105.6 (D. Md.). For the following reasons, the Court will grant Defendant's Motion to Dismiss the Petition.

## I.   BACKGROUND

On April 13, 2004, a federal grand jury sitting in Bernalillo County, New Mexico returned a one-count indictment charging Denny with possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). *United States v. Denny*, No. 1:04-cr-666-JAP

(D.N.M.), ECF No. 11. On August 11, 2004, Denny was charged in a superseding indictment that did not alter any of the charges but added a sentencing allegation. *Denny* (D.N.M.), ECF No. 29. Denny pled guilty to the superseding indictment on January 18, 2007, *Denny* (D.N.M.), ECF No. 102, and on September 26, 2007, he was sentenced to 240 months' incarceration followed by eight years of supervised release. *Denny* (D.N.M.), ECF No. 127. The court entered its judgment of conviction on October 1, 2007. *Denny* (D.N.M.), ECF No. 128.

On November 2, 2009, Denny filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. *Denny* (D.N.M.), ECF No. 130. The motion argued that Denny's counsel was ineffective for failing to file a direct appeal from Denny's conviction and sentence as Denny had requested. *Id.* at 5. Following briefing on the matter and a hearing on March 22, 2010, United States Magistrate Judge Karen B. Molzen issued proposed findings and recommended that the § 2255 motion be dismissed as untimely under the one-year statute of limitations imposed by 28 U.S.C § 2255(f)(4), which had run on September 28, 2009. *Denny* (D.N.M.), ECF No. 146; ECF No. 152 at 10. Judge Molzen also found that Denny was not entitled to equitable tolling. *Denny* (D.N.M.), ECF No. 152 at 11–19.

On December 16, 2010, District Court Judge James A. Parker issued an order adopting Judge Molzen's proposed findings and recommended disposition, and issued a final order of dismissal as to Denny's § 2255 motion. *Denny* (D.N.M.), ECF Nos. 156, 157. On February 10, 2011, Denny filed a notice of appeal. *Denny* (D.N.M.), ECF No. 158. On November 16, 2012, the United States Court of Appeals for the Tenth Circuit issued its mandate affirming the district court's order. *Denny* (D.N.M.), ECF No. 161. On February 10, 2015, Denny filed a Motion to Reduce Sentence, which the district court denied. *Denny* (D.N.M.), ECF Nos. 164, 167. Denny then sought authorization to file a second or successive § 2255 motion, which the Tenth Circuit

denied on July 6, 2016. *Denny* (D.N.M.), ECF No. 177. On March 25, 2019, Denny filed the instant Petition in this Court under 28 U.S.C. § 2241. ECF No. 1.

## II.    DISCUSSION

A habeas corpus petition may be filed under 28 U.S.C. § 2241 to attack the manner in which a sentence is *executed. Fontanez v. O'Brien*, 807 F.3d 84, 87 (4th Cir. 2015) (citing *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc)). Such a petition must be filed in the district in which the petitioner is incarcerated. *Hahn v. Moseley*, 931 F.3d 295, 300 (4th Cir. 2019). "Generally," however, "defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255." *Id.* (citing *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010)). "Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves 'inadequate or ineffective to test the legality of a [prisoner's] detention.'" *Id.* (alteration in original) (citing 28 U.S.C. § 2255(e)).

In the Fourth Circuit, a § 2255 petition "is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Here, Denny's main contention is that his trial counsel failed to file a direct appeal after sentencing despite Denny asking him to do so. ECF No. 1. That argument speaks to the validity

3

of Denny's sentence, not to its execution. Thus, a § 2255 motion, not a § 2241 motion, is the proper means by which to seek relief unless the savings clause at § 2255(e) applies. Denny has not shown that it applies here. The savings clause enables relief when there is a post-conviction change in substantive law "that renders noncriminal the conduct by which a prisoner was convicted." *See Wheeler*, 886 F.3d at 428. Denny does not identify any intervening change to the law governing his conviction under 21 U.S.C. § 841. Instead, he correctly argues that the Supreme Court in *Garza v. Idaho*, 139 S. Ct. 738 (2019), broadened its earlier holding in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), that a presumption of prejudice applies when counsel fails to file a notice of appeal that the defendant requested. ECF No. 1 at 5–6, 54. *Garza* held that the presumption exists even when the defendant has signed an appeal waiver. 139 S. Ct. at 746–47.

Because the holding in *Garza* does not concern the substantive law under which Denny was convicted, Denny cannot meet the test established in *Wheeler*. Therefore, a § 2255 petition is the proper vehicle for his claim. § 2255 petitions may only be filed in "the court which imposed the sentence." 28 U.S.C. § 2255(a); *see Underwood v. Cauley*, Civil Action No. 1:11–0217, 2014 WL 4202541, at *4 (S.D. W.Va. Apr. 11, 2014). Denny has already pursued and unsuccessfully litigated a § 2255 petition in his court of conviction and sentencing. That petition was dismissed not because of weakness in Denny's ineffective assistance claim – Judge Molzen in fact found that if the petition were timely, Denny would be entitled to relief under *Flores-Ortega* – but because the statute of limitations had run. *See Denny* (D.N.M), ECF No. 152 at 4, 10. The Tenth Circuit, from which Denny would require authorization to file a second § 2255 motion, *see* 28 U.S.C. § 2255(h), affirmed that ruling. *Denny* (D.N.M), ECF No. 161.

Because Denny's ineffective assistance claim is time-barred, it is irrelevant that the Supreme Court's ruling in *Garza* might strengthen the claim, and a successive § 2255 motion on

that ground would thus be frivolous. Although transfer to the proper district is the typical

disposition for a § 2255 petition filed in the wrong court, courts have discretion to dismiss rather

than transfer frivolous, time-barred petitions. *United States v. McNeill*, 523 F. App'x 979, 984

(4th Cir. 2013). Pursuant to that authority, the Court will dismiss Denny's petition.

### III.    CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition, a Certificate of Appealability may issue

"only if the applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds, as in this case, the

petitioner meets the standard by showing that reasonable jurists "would find it debatable whether

the petition states a valid claim of the denial of a constitutional right" and "whether the district

court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the

reasons discussed above, Denny fails to satisfy this standard, and the Court will decline to issue a

Certificate of Appealability. Denny may still request that the United States Court of Appeals for

the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

### IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition, ECF No. 1, and decline to

issue a Certificate of Appealability. A separate Order will follow.

Date: December __7__, 2019

GEORGE J. HAZEL
United States District Judge